IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN LEWIS MARSHALL,<br>AIS # 170176,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE HENLINE, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:19-CV-405-MHT-CSC<br>)            (WO)<br>)<br>)<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION[1]

This 42 U.S.C. § 1983 action is before the court on a complaint filed by John Marshall, a state inmate, in which he challenges safety conditions present during his prior term of incarceration at the Elmore County Jail. Specifically, Marshall alleges that the Defendants acted with deliberate indifference, when on May 11, 2018, (or May 14, 2018)[2] they transported him in an unairconditioned van with a broken seat which flipped over causing injury to several inmates traveling with him. (Doc. 1 at pp. 5-6; Doc. 1-1 at pp. 1-2). He also alleges that the Defendants denied him adequate medical treatment for dehydration and elevated blood pressure caused by traveling in the unfit van. Doc. 1-1 at pp. 3-4. He names as Defendants Warden Henline and Officer McDowell. (Doc. 1 at p.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk in the docketing process.

[2] Plaintiff's complaint lists the date of the occurrence as both May 11 (Doc. 1 at p. 2) and May 14 (Doc. 1-1 at p. 1).

2). He does not state whether he sues each Defendant in his official or individual capacities and he seeks money damages. (Doc. 1 at p. 5).

The Defendants filed special reports and relevant evidentiary materials in support of their reports, including affidavits, addressing the claims raised in the complaint, as amended. In these documents, the Defendants maintain they did not act with deliberate indifference to Marshall's medical needs nor did they subject him to unconstitutional conditions. (Doc. 7). The Defendants also raise the defense of exhaustion in their special report. (Doc. 7). Indeed, the Prison Litigation Reform Act ("PLRA") requires that "inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock,* 549 U.S. 199, 202 (2007). Thus, the Defendants argue that because the Elmore County Jail utilizes a grievance procedure and the Plaintiff failed to file any grievance underlying the allegations of his complaint, he has failed to exhaust his administrative remedies and his claims are barred. *Id.*

After reviewing the special reports filed by the Defendants, the court issued an order on July 15, 2019, directing Marshall to file a response to each of the arguments set forth by the Defendants in their reports, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 10 at pp. 2-3). The order specifically cautioned that "**unless within fifteen (15) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after

considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 10 at p. 3). Marshall filed a sworn response to this order on August 22, 2019. (Doc. 11).

## II. STANDARD OF REVIEW

Based on the foregoing, the court deems it appropriate to treat the special report filed by the Defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the Defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion [defense]. . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]"). However, to the extent that the court concludes that the Plaintiff has properly exhausted his administrative remedies as to any claim, the court will address the merits of those claims on summary judgment. As discussed hereinafter, the Plaintiff's failure to exhaust the jail's grievance procedure as to his deliberate indifference claims premised on the Defendants' failure to treat his dehydration and high blood pressure which he alleges resulted from his travel in an unsafe and unfit van, precludes the court from reaching the merits of the Plaintiff's claims on summary judgment.

## III.  FACTS

In May 2018, the Plaintiff traveled in a van from Donaldson Correctional Facility to Elmore County Jail.  Defendant Officer McDowell manned the transport van.  When the van was a few minutes from the Jail, the seat in which Plaintiff sat flipped over.  (Doc. 1-1 at p. 3).  The Plaintiff claims other passengers were injured when the seat flipped.  He also claims that the seat was not secured to the floor, the van was unairconditioned and the windows would not roll down. (Doc. 1-1 at pp. 1-4).  Defendant McDowell testified that the van's air conditioning unit was functional on the date of the incident, but that the van's rear seating area was not equipped with air vents.  He specifically states that he "turn[ed] the van's air condition unit on high and angled the air vents towards the rear seats".  (Doc. 7-2 at pp. 3-4).  McDowell also testified that he had no personal knowledge of any safety issues with van.  (Doc. 7-2 at p. 4).  Further after the seat flipped, McDowell "immediately radioed the jail to be on standby and to have the medical staff ready to evaluate the inmates." (Doc. 7-2 at p. 3).

Plaintiff also claims that Warden Henline and Officer McDowell refused to call paramedics as he requested and that the nurses refused to treat any of them the day of the incident. (Doc. 1-1 at pp. 3-4).  Plaintiff does not allege that he was injured when the seat flipped.  Rather he claims that when he was placed in his living area in Elmore, "he fel[t] light headed and started to vomit and cramp uncontroably {sic}". (Doc. 1-1 at p. 4). He further claims that upon his arrival at Donaldson, his "blood pressure was so high that I had to be placed under 24 hrs. observation." *Id.*  Both Henline and McDowell deny these allegations and testified that medical staff evaluated the Plaintiff and other inmates when

4

the van arrived at Elmore County Jail. (Doc. 7-1 at p. 3; 7-2 at p. 3). Other than basic first aid, officers at Elmore County Jail do not have medical training, and it is the Jail's policy to defer to and rely upon the professional opinions of doctors and nurses provided at the Jail. *Id.*

Elmore County Jail has a grievance policy whereby inmates may fill out request slips or grievances about issues or complaints. Ordinarily grievances are made in writing and an inmate may request a grievance form from any member of jail staff. All grievances must be filed within 14 days for the incident. Emergency grievances maybe made orally and determination of whether a grievance is an emergency is left to the discretion of the staff member responding to the grievance. If an inmate is unsatisfied with the response to their written or oral grievance within 24 hours of receiving a response to a grievance an inmate may appeal to the jail administrator on a separate grievance form. If the inmate is dissatisfied with the outcome of the appeal, within 24 hours he may appeal in writing to the Chief Deputy. He then has 24 hours to appeal again in writing to the Sheriff. The appeal to the Sheriff is the final appeal available. (Doc. 7-1 at pp. 5-7; 7-5 at pp. 36-39).

### III. DISCUSSION

**A.   Exhaustion**

The Defendants raise the defense of exhaustion in this action. In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner

> is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)). The court will therefore "resolve this issue first." *Myles*, 476 F. App'x at 366.

When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have

the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 F. App'x at 366 (internal quotation marks omitted) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535 (internal citations omitted).  Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or other factfinder]." *Id*.

Upon review of the complaint, the Defendants' special reports and the undisputed evidentiary materials filed in support thereof and the Plaintiff's response to the special reports, the court concludes that the Defendants' motion to dismiss is due to be granted for the Plaintiff's failure to exhaust his Eighth Amendment claims for deliberate indifference to his safety and to his medical needs. Indeed, it is undisputed that the Elmore County Jail had a grievance procedure in place which included appellate remedies. (Doc. 7-1 at pp. 4-5; 7-5 at pp. 36-39).  Plaintiff does not dispute that he failed file any grievance related to this matter.

Rather he argues that the appeal procedure at Elmore County Jail was unavailable to him because "he was returned back to the ADOC before 14 days in which to file his

grievance. However, once he returned to ADOC he immediately notified medical officials of his injuries." (Doc. 11 at pp. 1-2). The court is unpersuaded by this argument since it is undisputed that Plaintiff was in the custody of Elmore County Jail until May 18, 2018, when he was released back to the Alabama Department of Corrections. (Doc. 7 at p. 8). Plaintiff fails to demonstrate that he made any efforts to file a grievance within this time frame, whether computed from May 11 or May 14, as inconsistently alleged by Plaintiff. Specifically, in the days prior to his transport, the Plaintiff does not allege that he ever requested a grievance form or made any suggestion to any prison personnel of his desire to file a grievance. Accordingly, the Court concludes that this action is due to be dismissed without prejudice for Plaintiff's failure to exhaustion his deliberate indifference claims through the jail's grievance procedure prior to filing this action. Further, the Court concludes that due to the Plaintiff's failure to exhaust, the Court need not address the merits of his deliberate indifference claims premised upon the Defendants' lack of medical attention to his dehydration and high blood pressure resulting from being forced to ride in the jails' unfit and unsafe van.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion to dismiss be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be DISMISSED without prejudice.

4. Costs be taxed against the Plaintiff.

On or before **April 20, 2022** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of April, 2022.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE